CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 3 0 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANIAL WAYNE CONNER, ) | |
| Plaintiff, ) | Civil Action No. 7:07-cv-00042 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| COUNTY OF MONTGOMERY, et al., ) | By: Hon. Glen E. Conrad |
| Defendants. ) | United States District Judge |

Plaintiff Danial Wayne Conner has brought an action pursuant to 42 U.S.C. § 1983. Plaintiff names, inter alia, the following as defendants: the Montgomery County Jail ("MCJ"), the MCJ's unnamed "Medical Staff," and Judge Ray W. Grubb of the Circuit Court for Montgomery County.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). As the MCJ and its unnamed "Medical Staff" are not "persons" subject to suit under 42 U.S.C. § 1983, Conner cannot maintain his action against those entities. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992).

Judges are absolutely immune from suit for a deprivation of civil rights brought under 42 U.S.C. § 1983 for acts committed within their judicial discretion, even if such acts were allegedly done either maliciously or corruptly. Pierson v. Ray, 386 U.S. 547 (1967); King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992). Plaintiff alleges that Judge Grubb "did not allow [him] enought [sic] time to recover from . . . spinal disk surgery" and refused to delay plaintiff's "report in date" to begin serving his criminal sentence until plaintiff had completed a course of physical therapy. He alleges also that "the Judge [was] aware of the living conditions [sic] and the fact that the jail is not equip [sic] to house inmates with my medical condisions [sic]." As the imposition of a criminal sentence

is clearly one of the normal functions performed by a judge, the defendant is entitled to absolute immunity from civil liability. See Stump v. Sparkman, 435 U.S. 349, 357 (1978).

Accordingly, Conner's claims against MCJ, MCJ's unnamed "Medical Staff," and Judge Grubb will be dismissed. Conner's claims against the remaining named defendants will go forward.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to the plaintiff and to each named defendant or counsel of record for each defendant, if known.

**ENTER**: This 30th day of March, 2007.

_____
United States District Judge