CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 10 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANIAL WAYNE CONNER,<br>　　　Plaintiff, | )<br>)　Civil Action No. 7:07-cv-00042<br>) |
| v. | )　**MEMORANDUM OPINION**<br>) |
| THE COUNTY OF<br>MONTGOMERY, et al.,<br>　　　Defendants. | )<br>)　By: Hon. Glen E. Conrad<br>)　United States District Judge |

This case is presently before the court on plaintiff's motion (docket number 41), which the court construes as including a motion for injunctive relief. Plaintiff asserts that he should be moved from the Montgomery County Jail "do [sic] to . . . continuous discrimination," "the constint [sic] threat of imminent danger of serious physical injury do [sic] to living conditions," and "the threat from deputys [sic]." He adds that the jail's policy regarding telephone use has made it difficult for him to contact attorneys. However, he does not allege that any specific defendant has injured him in any way. He requests that the court respond to his motion and instruct him "how to get the request met."

A district court should issue preliminary injunctive relief only sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendants if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether the public interest lies with granting the relief. Wetzel v. Edwards, 635 F.2d 283 (4th Cir. 1980) (citing Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977)). Functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. Taylor v. Freeman,

34 F.3d 266, 269 (4th Cir. 1994). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted).

The court finds that plaintiff has not alleged facts indicating that he will suffer irreparable harm in the absence of interlocutory injunctive relief of some kind. Nor has plaintiff established a likelihood that he will eventually succeed on the merits or that the public interest lies with granting the relief. Plaintiff alleges no facts in support of his claims of discrimination or the "threat of imminent danger of serious physical injury do [sic] to living conditions." Nor has he alleged facts indicating that any threats on the part of deputies at the jail have been, could be, or would be carried out. Accordingly, the harm plaintiff alleges is speculative, and speculative harm is not irreparable harm warranting injunctive relief. Plaintiff's allegations, even if proven, do not satisfy the "balance of hardships" test. Thus, plaintiff's request for injunctive relief will be denied.*

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to plaintiff and to each defendant or counsel of record for each defendant, if known.

ENTER: This 10th day of May, 2007.

/s/ Jackson L. Kiser
United States District Judge

---

* Insofar as plaintiff's request for injunctive relief could be construed as including a request for a temporary restraining order, such orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Rule 65(b), Federal Rules of Civil Procedure. Such an order would last only until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that plaintiff is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.